# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS BELLOMY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-03-601-S |
| SHERIFF BILL STURCH and JAIL ADMINISTRATOR, JOHN KIDMAN, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court for its consideration is the Defendants' Bill Sturch and John Kidman's Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12 (b)(6) filed May 9, 2005. On March 14, 2006, the court converted the motion to dismiss to one for summary judgment. The parties had until March 28, 2006, in which to file additional pleadings. The parties did not file any additional briefings with the court.

Plaintiff filed his complaint in the United States District Court for the Eastern District of Oklahoma on October 29, 2003. Along with his complaint plaintiff filed a Motion to Proceed *In Forma Pauperis* on this same date. On November 24, 2003, an order was entered granting plaintiff's request to proceed *in forma pauperis*. On May 9, 2005, defendants filed a motion to dismiss. In this motion, defendants argue all of plaintiff's claims must be dismissed pursuant to 42 U.S.C. Sec. 1997e for failure to exhaust administrative remedies. The court has before it for consideration plaintiff's complaint, the defendants' motion to dismiss, plaintiff's response, and a reply filed by defendant.

Plaintiff, appearing pro se, was an inmate in the custody

1

and control of the Bryan County Jail.  Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983 for alleged constitutional violations occurring during his stay at the Bryan County Jail. Plaintiff alleges he was tortured.  He also argues he was denied clean clothing and a clean jail cell, as well as a shower and a toilet. He also alleges, with a few brief exceptions, he was handcuffed continuously for the time he was in jail. He further alleges a volume of miscellaneous sufferings and indignities.  He alleges he has received various injuries and the jail staff refused to treat his injuries.  Plaintiff alleges jail staff denied him access to make any grievances during that twenty-three days of incarceration immediately after his recapture.

## STANDARDS OF SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact.  Celotex v. Catrett, 477 U.S. 317, 325 (1986).  If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to

those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

**FINDINGS OF FACT**

On November 1, 2001, plaintiff was incarcerated in the Bryan County Jail. On December 20, 2001, plaintiff and his cell mate escaped and were found approximately nine hours later. Plaintiff claims he was subjected to torture at the hands of the jailers for a period of twenty-three days subsequent to his recapture. Plaintiff claims that he filed several grievances with the Bryan County Jail concerning his allegations. However, the record only reflects one grievance. This grievance dealt with the fact that he was being denied frequent showers. Plaintiff filed no other grievances concerning the allegations in his complaint.

## I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not 'enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems.' Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

In response to the defendants' motion, plaintiff argues the

defendants should have submitted the defense of failure to exhaust administrative remedies earlier.  However, plaintiff, not defendant, bears the burden of establishing that he has exhausted his administrative remedies.  <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1209 (10th Cir. 2003).  Plaintiff also argues he was unable to exhaust his administrative remedies because he was denied writing materials.  He then argues he does not have copies of the grievances which he sent to the sheriff and jail administrator because they were never answered by defendants.  Plaintiff also argues he made a good faith attempt to file grievances and exhaust his remedies but the defendants would not answer.  The court is a little confused by this argument.  On the one hand, plaintiff argues he did not file grievances because he was denied writing materials on the other hand he argues that he did file grievances but they were not answered by defendants.  Plaintiff has simply failed to meet his burden that he exhaust his administrative remedies.  He simply has no proof that he ever filed any grievances concerning his complaints except the grievance filed concerning the denial of access to showers.

   Plaintiff has only filed one grievance concerning his allegations contained within his complaint.  This grievance concerned his access to frequent showers.  Plaintiff failed to file any other grievances regarding the remaining allegations in his complaint.  According to <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004), the plaintiff is required to accomplish total exhaustion of all claims raised in a complaint.  Based on the decision in <u>Ross</u> the presence of any unexhausted claim in a plaintiff's complaint requires the court to dismiss the entire action in its entirety.  Since plaintiff's complaint contains unexhausted claims, the court must dismiss the entire action.

This court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987). Accordingly, defendants' motion to dismiss converted to a motion for summary judgment is hereby **GRANTED** and this action is, in all respects, **DISMISSED**, as frivolous.

**IT IS SO ORDERED** this 30th day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma